AB:APW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

PAUL W. WILLS, III,

        Defendant.

REMOVAL TO THE
WESTERN DISTRICT OF
NORTH CAROLINA

(Fed R. Crim. P. 5)

Case No 21-MJ-6

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        JADNIEL PIMENTEL, being duly sworn, deposes and states that he is a Deputy Marshal with the United States Marshals Service, duly appointed according to law and acting as such.

        On December 15, 2020, the United States District Court for the Western District of North Carolina issued an arrest warrant commanding the arrest of the defendant PAUL WILLS for violations of his supervised release.

        The source of your deponent's information and the grounds for his belief are as follows:[1]

        1.    I am a Deputy Marshal with the United States Marshals Service and have been involved in the investigation apprehension of individuals pursuant to arrest warrants. I am familiar with the facts and circumstances set forth below from my participation in the

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

investigation; my review of the investigative file, including the defendant's criminal history record and warrant history; and from reports of other law enforcement officers involved in the investigation.

2. On or about November 28, 2018, the defendant PAUL W. WILLS, III pleaded guilty to violating Title 18, United States Code Section 2244(a)(2) and 2246(3), (Abusive Sexual Contact) before the Honorable Scott W. Skavdahl, Chief United States District Judge for the District of Wyoming. The defendant was sentenced on April 23, 2019 to twelve months and one day in custody, followed by 5 years of supervised release. On or about June 5, 2019, the defendant commenced his term of supervised release in the Western District of North Carolina.

3. On or about December 15, 2020, a petition seeking an arrest warrant was filed in the United States District Court for the Western District of North Carolina. The petition stated that the defendant PAUL W. WILLS, III had violated the conditions of his supervised release by, among other things: (1) Failing to comply with sex offender registration; (2) Failing to comply with sex offender treatment requirements; and (3) Leaving judicial district without permission.

4. On or about December 15, 2020, a warrant was issued for the defendant's arrest. True and correct copies of the petition and arrest warrant are attached as Exhibits A and B, respectively.

5. On January 2, 2021 law enforcement officers with the New York City Police Department took the defendant into custody.

6. I have taken fingerprints from the defendant and those fingerprints matched those of the defendant PAUL W. WILLS, III, who is wanted in the Western District of

North Carolina. The defendant also stated that his name is PAUL W. WILLS, III, and provided his social security number and date of birth, which matched the social security number and date of birth of the individual named PAUL W. WILLS, III with the aforementioned fingerprints.

7. Based on the foregoing, I submit that there is probable cause to believe that the defendant is the PAUL W WILLS, III, who is wanted in the Western District of North Carolina.

WHEREFORE, your deponent respectfully requests that the defendant PAUL W. WILLS, III be removed to the Western District of North Carolina and dealt with according to law.

JADNIEL PIMENTEL
Deputy Marshal, United States Marshals Service

Sworn to before me by telephone this
___ day of January, 2021

THE HONORABLE CHERYL L. POLLAK
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

Case 1:21-mj-00006-CRD Document 1-2 Filed 01/15/21 Page 1 of 6
Case 3:20-cr-00304 Document 11 Filed 12/15/20 Page 1 of 5 PageID #: 5

PROB 12C (NCW Rev. 1/13)

# UNITED STATES DISTRICT COURT
## Western District of North Carolina

### Petition for Warrant for Offender Under Supervision

Name of Offender: **Paul W. Wills, III**    Case Number: 0419 3:20CR00304-001

Name of Sentencing Judicial Officer: The Honorable Scott W. Skavdahl, U.S. District Court Judge

Name of Reassigned Judicial Officer: The Honorable Robert J. Conrad, Jr., U.S. District Court Judge

Date of Original Sentence: 4/23/2019    Register Number: 17229-091    PACTS Number: 6008093

Original Offense: Count 1) Abusive Sexual Contact, a violation of 18 U.S.C. § 2244(a)(2) and 2246(3) – **Class E Felony**

Original Sentence: The defendant was committed to the custody of the United States Bureau of Prisons for a term TWELVE (12) MONTHS AND ONE (1) DAY; not less than May 20, 2019. Upon his release from imprisonment, the defendant was ordered to a term of supervised release for a period of FIVE (5) YEARS.

Type of Supervision: Supervised Release    Date Supervision Commenced: June 5, 2019

Assistant U.S. Attorney: Duty    Defense Attorney: Duty

---

### PETITIONING THE COURT

☒ **To issue a warrant**
☐ **To issue a summons**

**BOND RECOMMENDATION:** Detention: In light of the violations detailed herein, as well as the external circumstances surrounding the offender, it is possible that the safety of the offender, third parties and the supervising officer will be an issue.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **FAILURE TO COMPLY WITH SEX OFFENDER REGISTRATION (Date violation concluded: 12/12/2020).**<br>The defendant has violated the condition of supervision that states, "The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense," in that, in that, the defendant left the Western District of North Carolina without the approval of his officer. He failed to notify this officer of his desire to move to the State of Colorado. He left the district on this date with the pretext that he was no longer under supervision and was free to leave. The defendant also failed to notify Mecklenburg County Sheriff's Office of his intentions; therefore, violating the Sex Offender Registry laws. **Grade B Violation** |
| 2. | **FAILURE TO COMPLY WITH SEX OFFENDER TREATMENT REQUIREMENTS (Date violation concluded: 12/12/2020).**<br>The defendant has violated the condition of supervision that states, "The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional experienced in evaluating and managing sexual offenders as approved by the U.S. Probation Officer. The defendant shall complete the treatment recommendations and abide by all of the rules, requirements, and conditions of the program until discharged. The defendant shall take all medications as |

prescribed," in that, the defendant missed two consecutive group sessions of sex offender treatment. The defendant also failed to notify the treatment provider of his absence in advance. **Grade C Violation**

3. **LEAVING JUDICIAL DISTRICT WITHOUT PERMISSION (Date violation concluded: 12/12/2020).**
The defendant has violated the condition of supervision that states, "The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer," in that, this officer received a phone call from the defendant's mother - she stated that her son is no longer taking his medications for his mental health condition. She also reported that the defendant told her he is no longer under supervision and is moving to Colorado. At the time of the last conversation with her son, he was currently in the State of Kansas. **Grade C Violation**

U.S. Probation Officer Recommendation:

The term of supervision should be
☒    revoked.
☐    extended for Enter Term (years) years, for a total term of Enter Recommended Term years.

It is requested that access to this document be restricted to the U.S. Attorney until service; upon notification that service has been effected the document shall be made available to case participants only.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,
By    s/ Brandon Peeler
Brandon Peeler
Probation Officer
200 South College Street
Charlotte, NC 28202-2005
704-350-7620
Date: December 15, 2020

Approved by:
s/ Jenniffe Inman
Jenniffe Inman
Supervising U.S. Probation Officer
704-350-6604

THE COURT ORDERS

☐    No Action
☒    The Issuance of a Warrant
☐    The Issuance of a Summons
☐    Other

Date: December 15, 2020

Signed: December 15, 2020

David C. Keesler
United States Magistrate Judge

**OFFENDER CHARACTERISTICS:**

Family: The defendant has familial ties to Charlotte, North Carolina.

Employment: The defendant is currently unemployed.

Financial: The defendant has no known financial problems.

Health: According to the defendant's Presentence Investigation Report, the defendant has been hospitalized on various occasions with regards to his mental health. The defendant has been diagnosed with bipolar disorder, major depression, mood disorder, adjustment disorder, alcohol abuse and marijuana abuse. The defendant has also been prescribed various medications to combat these disorders at the time of his hospitalizations and mental health assessments.

Summary of Defendant's Adjustment to Supervision: Prior to the dates of the alleged violations, the defendant remained in compliance with his conditions of supervision. The defendant was attending and faithfully participating in sex offender treatment. The defendant has tested negative on all urine analyses that were administered. The defendant made himself regularly available for supervision and would contact this officer with any questions or concerns that he may have. On all accounts, the defendant appeared to be doing well under supervision. It was not until his medications ran out that he began to experience onsets of his mental health condition, which may have led to the alleged violations occurring.

Summary of Officer Intervention: On December 2, 2020, this officer was notified by the defendant's treatment provider that the defendant failed to call in for his scheduled sex offender group meeting. Due to covid-19 restrictions, all treatment contacts are being conducted via telephone. On December 4, 2020, this officer attempted to conduct an unannounced home contact to address his absence from treatment. No one was at the residence upon arrival.

On December 10, 2020, this officer received a phone call from the defendant's mother. She expressed concern for her son due to a visit she had with him that morning. She stated that she noticed him acting strange, and she asked if he had been taking his medications. His medications had run out, and she gave him money to get the new prescriptions filled. He asked her if she could lend him money to move to the State of Colorado. She told him no, and then asked about his supervision status. The defendant told his mother that he was no longer under supervision. This officer was on leave during the time of the phone call with the mother. This officer asked her if she could check on him over the weekend and this officer would conduct a home contact on December 14, 2020.

On December 12, 2020, this officer received a phone call from the defendant's mother. She stated that he called her to inform her that he moved out of his home in Charlotte, North Carolina and was on his way to the State of Colorado. This officer attempted to contact the defendant on his cell phone, but he did not answer. This officer sent the defendant a text asking him to contact this officer. As of the date of this report, this officer has not spoken to the defendant in response to the phone or text message that was sent to him.

On December 14, 2020, this officer attempted to contact the defendant on his cell phone. The defendant's phone did not ring, and it went straight to voicemail. This officer made multiple attempts all ending with the same result. Shortly after, this officer received a phone call from the defendant's mother. She stated that the last time she spoke with her son, he was in the State of Kansas. He told her that he had run out of money and needed more to get to Colorado. She asked him to turn around to avoid going back to prison. He told her again that he was no longer under supervision. This officer received information from the defendant's father that the defendant's last phone call came from a cell tower in the State of Missouri.

Due to the nature of the defendant's criminal history, the alleged violations, and his current mental health state, this United States Probation Officer respectfully requests that your honor issue a warrant for the defendant's arrest.

Treatment Expenditures: Since the commencement of supervision, the U.S. Probation Office has paid a total of $2,418.50 on sex offender treatment for this defendant.

Prior Record: Attached is Part B of the Presentence report outlining this defendant's prior record.

**STATUTORY PROVISIONS:**

If the Court finds that the defendant has violated the conditions of supervised release, it may modify the conditions, extend the term of supervision (if less than the maximum authorized term was previously imposed), or revoke the term of supervision, all according to 18 U.S.C. § 3583(e). If the Court revokes the term of supervised release, it may require the

defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, without credit for time previously served on post-release supervision. Since the original offense was a Class E felony, the defendant cannot be required to serve more than one (1) years in prison on any revocation, pursuant to 18 U.S.C. § 3583(e)(3). Pursuant to the PROTECT Act of 2003, this statutory maximum term of imprisonment starts anew upon revocation of any term of supervised release.

Additionally, if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or as part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year, 18 U.S.C. § 3583(g) directs the Court to revoke supervised release and sentence the defendant to a term of imprisonment not to exceed the maximum term authorized by 18 U.S.C. § 3583(e)(3). However, the Court, acting in accordance with the sentencing guidelines, has the authority to except an offender who fails a drug test from the mandatory revocation provisions pursuant to 18 U.S.C. § 3583(d). This provision states, "...The [C]ourt shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test."

Additionally, when the term of supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. Pursuant to the PROTECT Act, the length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. According to 18 U.S.C. § 3583(k), the term of supervised release authorized is not less than 5 years, or life; therefore, the term of supervised release is not diminished by any term of imprisonment that is imposed upon revocation of supervised release.

**GUIDELINE PROVISIONS:**

**Violation 1:**

The violation listed is a Grade B violation pursuant to U.S.S.G. § 7B1.1(a)(2). According to U.S.S.G. § 7B1.3(a)(1), upon a finding of a Grade B violation, the Court shall revoke supervised release. The Revocation Table at U.S.S.G. § 7B1.4(a) provides for a guideline range of 6-12 months imprisonment for a Grade B violation with a criminal history category of II.

The Policy Statement of U.S.S.G. § 7B1.3(e) also recommends that the term of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release violation warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 6-12 months.

Pursuant to U.S.S.G § 7B1.3(g)(2), where supervised release is revoked and a term of imprisonment is imposed, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

**Violations 2 and 3:**

The violation listed is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). According to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. The Revocation Table at U.S.S.G. § 7B1.4(a) provides for a guideline range of 4-10 months imprisonment for a Grade C violation with a criminal history category of II.

The Policy Statement of U.S.S.G. § 7B1.3(e) also recommends that the term of imprisonment be increased by the amount of time of official detention that will be credited towards service of that term under 18 U.S.C. § 3585(b) other than time resulting from the supervised release violation warrant or proceeding. Since there is no official detention adjustment necessary for the defendant, the imprisonment range is 4-10 months.

Pursuant to U.S.S.G § 7B1.3(g)(2), where supervised release is revoked and a term of imprisonment is imposed, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Submitted this 15th day of December, 2020.

                                                    by    s/ Brandon Peeler
                                                           Brandon Peeler
                                                           Probation Officer
                                                           200 South College Street
                                                           Charlotte, NC 28202-2005
                                                           704-350-7620

Approved by:   s/ Jenniffe Inman
                       Jenniffe Inman
                       Supervising U.S. Probation Officer
                       704-350-6604

cc:     AUSA
        Defense Counsel

# EXHIBIT B

AO 442 11/11 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 0419 3:20CR00304-001 |
| | ) | |
| Paul W Wills | ) | |
| *Defendant* | ) | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* Paul W Wills ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint

☐ Probation Violation Petition  ☒ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows: See Petition for Warrant.

City and state: Charlotte, NC

Signed: December 15, 2020

David C. Keesler
United States Magistrate Judge

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

_____

*Printed name and title*